UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-342-JBC**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFFS,**

**V.**        <u>**MEMORANDUM OPINION AND ORDER**</u>

**BACARA PARTNERS, LLC, et al.,**                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

Pending before the court is the defendants' motion to dismiss for lack of personal jurisdiction (R.15). For reasons explained below, the motion will be granted as to the individual defendants and denied as to Bacara Partners, LLC.

According to the United States' complaint, in 2003 Elk Horn Coal Company (a Delaware LLC whose principal place of business is Prestonsburg, Kentucky) became the successor-in-interest to Pen Holdings, a Tennessee Corporation engaged in coal mining in Kentucky and West Virginia. Two years later, Elk Horn sold rights to Pen Holdings's tax refund claims to Bacara in exchange for half of any net recoveries.

Bacara filed amended tax returns in the name of Pen Holdings, declaring net operating losses for the tax years 2001-2003 and carrying those losses back to 1991-1993. The IRS issued refund checks to Pen Holdings in 2006, 2007, and 2008. Each was endorsed by defendant Alfred Hahnfeldt (who has an ownership interest in Bacara through his ownership interest in Spinneret Financial Solutions,

1

LLC), as designee of Pen Holdings Inc. Fifty percent of the net proceeds of the refunds were then transmitted to Elk Horn.

In order to meet its burden of establishing that the court has personal jurisdiction over each defendant, the United States must demonstrate that the exercise of jurisdiction over each defendant complies with Kentucky's long-arm statute (KRS 454.210) and federal due process requirements. *See Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In order for a suit to be brought against a non-resident defendant in compliance with Kentucky's long-arm statute, the defendant's conduct or activity must fit into one of the statute's enumerated categories that include "Transacting any business in this Commonwealth" and "Contracting to supply services or goods in this Commonwealth." KRS 454.210(2)(a)(1-2).

As for the federal due process requirements, the critical inquiry is whether a non-resident defendant has sufficient contacts with the forum state such that the exercise of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *International Shoe v. Washington* 326 U.S. 310 (1945). That determination involves a three-part test, requiring: purposeful availment of the benefits and privileges of acting in the forum; a cause of action arising from the defendant's activities there; and a substantial enough connection between the forum and the acts of, or consequences caused by, the defendant such that the exercise of jurisdiction is reasonable. *CompuServe, Inc. v. Patterson*, 89 F.3d at 1263 (6th Cir. 1996).

Taken as a whole, the actions of, and consequences caused by, Bacara in Kentucky are sufficient to meet the standards of Kentucky's long-arm statute and constitutional due process. Bacara is alleged to have transacted business in Kentucky and purposefully availed itself of the privilege of acting or causing a consequence in Kentucky by: soliciting the purchase of federal tax refund claims held by Elk Horn, (a Delaware LLC with its principal place of business in Prestonsburg, Kentucky); negotiating the agreement through correspondence into Kentucky via fax and email and, presumably, telephone; consenting to be governed by Kentucky law under the agreement; operating under the agreement for at least three years; generating over $3 million in revenue from 2006 through 2008 (over 67% of the company's total revenue during that period) as a result of its Kentucky contacts; and sending fifty percent of the net proceeds from the tax refund claims back into Kentucky on at least three separate occasions. Bacara's contacts with Kentucky were intentional, significant, and sustained. And this action arises out of Bacara's contacts with Kentucky: The refunds collected by Bacara that the United States seeks to recover were made possible by Bacara's agreement with Elk Horn.

Satisfaction of the first two due process criteria creates an inference that the reasonableness criterion is also met. *Intera Corp. v. Henderson*, 428 F.3d 605, 618. In determining reasonableness, the court considers: the burden on the defendant; the interest of the forum state; the plaintiff's interest in obtaining relief; and other states' interest in securing the most efficient resolution of the controversy. Given the impact that the proceeds in question in this case had on

3

Kentucky commerce, the state of Kentucky has a serious interest in having this case tried in this forum.  *See National Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1138 (6th Cir. 1982).

The United States claims that it would face statute-of-limitations problems if it were to pursue these claims in other forums.  The several states have a shared interest in the recovery of any erroneous tax refunds wherever they can be recovered.  Bacara has failed to establish that defending against this litigation in Kentucky would impose significant undue hardship to it.  Thus, the interests of Kentucky and the United States in trying this case in Kentucky outweigh any burden that the defendant might face in defending the litigation in Kentucky.

Although this court has personal jurisdiction over Bacara in this matter, the United States has not demonstrated that the individual defendants have minimum contacts with Kentucky sufficient to make the exercise of personal jurisdiction over them reasonable.  Defendants Larry Manth, Spinneret Financial Solutions, LLC, and Victoria Tan have ownership interests in Bacara, but the United States has not alleged any direct contacts between any of these defendants and Kentucky.

Defendants Michael Rosenblum and Alfred Hahnfeldt are alleged to have had actual contact with Kentucky.  But the actions of these two defendants that gave rise to the alleged contacts with Kentucky were made on behalf of Bacara: Hahnfeldt signed a purchase agreement with Elk Horn on behalf of Bacara, and was included in email correspondence between Michael Rosenblum and Elkhorn that was conducted on behalf of Bacara.  Therefore, Rosenblum and Hahnfeldt lack the

4

necessary minimum contacts with Kentucky for this court to exercise personal jurisdiction in compliance with the requirements of federal due process.

The United States' argument that this court could assert personal jurisdiction over each of the defendants under the theories of agency and conspiracy are not compelling. The United States did not allege a conspiracy in the complaint, and "[m]ere speculation that a conspiracy exists or that the non-resident defendants are co-conspirators is insufficient to meet the plaintiff's burden." *Ky. Speedway, LLC v. NASCAR*, 410 F. Supp. 2d 592, 599 E.D.K.Y 2006). Although Hahnfeldt and Rosenblum were agents of Bacara, they were not agents of every person or entity with an ownership interest in Bacara. *See* KRS 275.150(1). Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (R. 15) is **GRANTED** as to all individual defendants and **DENIED** as to Bacara Partners, LLC.

Signed on May 31, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5